NO. 07-07-0319-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 5, 2008

______________________________


MICHAEL SCOTT, APPELLANT

V.

JONES COUNTY DISTRICT ATTORNEY, ET AL., APPELLEES

_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 94,212-A; HONORABLE HAL MINER, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Appellant, Michael Scott, an inmate proceeding pro se and in forma pauperis, brings
this appeal challenging the trial court’s order dismissing with prejudice his suit against
Appellees, Jones County District Attorney, et al. (Jones County), as frivolous. By a single
issue, he maintains the trial court entered its order dismissing his case without having
jurisdiction over the parties. We affirm.
 
          Scott originally filed his suit in Fort Bend County. Jones County moved to transfer
the case to Potter County on the ground that the basis of Scott’s complaint occurred while
he was incarcerated at the Clements Unit in Amarillo, Potter County, Texas. The presiding
judge of the 240th District Court of Fort Bend County signed an order transferring venue
to Potter County. Upon transfer, the case was assigned to the 47th District Court. After
venue was transferred, Scott amended his original petition to allege that Jones County
District Attorney, Billy Edwards, failed to “exercise his discretion whether to file two criminal
complaints that were mailed to his office . . . .” He sought $325,000 in damages for injuries
caused by Jones County policies and procedures for handling criminal complaints from
inmates.
          Scott argues on appeal, “[t]he trial court committed a fundamental error. The trial
court entered an order to dismiss Appellant [sic] claim without having jurisdiction of the
parties in the case.” No further argument is presented. Neither does Scott provide any
authority for his argument. Inadequate briefing, failure to cite authority or record
references, and failure to advance analysis are sound reasons for finding that a complaint
is waived on appeal. See Cardenas v. State, 30 S.W.3d 384, 393 (Tex.Crim.App. 2000). 
See also Tex. R. App. P. 38.1(c), (g), (h), and (j).
          Moreover, Scott makes no complaint as to the transfer of his case to Potter County. 
Because his case was transferred to Potter County and properly assigned to the 47th
District Court, the Honorable Hal Miner, Presiding Judge, had jurisdiction of the case, which
included “jurisdiction of the parties” and the authority to sign the order dismissing the case
as frivolous. Appellant’s sole issue is overruled.
          Consequently, the trial court’s order is affirmed.


                                                                           Patrick A. Pirtle

                                                                                 Justice